IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to: | No. C 11-0058 SI |
| COSTCO WHOLESALE CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>        Defendants.<br>                                                        / | **ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE COSTCO "LOST SALES" CLAIMS** |

Currently before the Court is defendants' motion for partial summary judgment as to Costco Wholesale Corporation's lost-sales claims. Pursuant to Civil Local Rule 7-1(b), the Court found this matter suitable for disposition without oral argument. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS defendants' motion.

Costco asserts two types of damages claims resulting from defendants' alleged TFT-LCD price-fixing conspiracy: (1) damages from overcharges paid by Costco on certain LCD products purchased by Costco from 1999 through 2006, and (2) damages from "lost sales," that is, sales of LCD products Costco did not make but would have made if the price of the LCD products it purchased had been lower. *See* Motion at 1. Defendants seek summary adjudication on the latter category of damages. They argue that Costco has adduced no evidence that would allow it to meet its burden of proving the amount of its "lost sales" damages.

In the Ninth Circuit, "[p]laintiffs in an antitrust suit have the burden of proving damages."

*Knutson v. Daily Review, Inc.*, 468 F. Supp. 226, 229 (N.D. Cal. 1979). Two separate proofs are required: "the Fact of damage and the Amount of damage." *Id.* (citing *Story Parchment Co. v. Paterson Parchment Co.*, 282 U.S. 555, 562 (1931); *Flitkote Co. v. Lysfjord*, 246 F.2d 368, 392 (9th Cir. 1957); *Newberry v. Washington Post Co.*, 438 F. Supp. 470, 483 (D.D.C. 1977)). To prove the fact of damage, a plaintiff "must establish with reasonable probability the existence of a causal connection between defendants' violation of the antitrust law and plaintiffs' revenue-impairing injury." *Id.* (citing *Pac. Coast Agr. Export Ass'n v. Sunkist Growers, Inc.*, 526 F.2d 1196, 1205-1206 (9th Cir. 1975); *Flitkote*, 246 F.2d at 392). In order to prove the amount of damage, "plaintiffs must show the extent of the financial impact of defendants' antitrust violation." *Id.* "[T]his can be accomplished through proof of lost profits." *Id.*

In *Knutson*, the court set forth the standard for proving lost-profits damages:

> In calculating damages for antitrust violations, the trier of fact can rely upon probable and inferential as well as direct and positive proof. It is permitted to make a "just and reasonable estimate of the damage (suffered by plaintiffs) based on relevant data" presented, and these findings will be sustained even if the result is only approximate. The essential requirement is only that plaintiffs develop a reasonable theory for calculating the amount of damages and that they introduce the data necessary to make this calculation. However, "even where the defendant by his own wrong has prevented a more precise computation, the (trier of fact) may not render a verdict based on speculation or guesswork." The burden may be relaxed, but it is never eliminated.

*Id.* at 229-230 (internal citations omitted).

Costco contends that it will rely on testimony from its damages expert and its long-time employees to prove its "lost sales" claims at trial. Costco claims that it will prove "some causal connection" between defendants' alleged price-fixing conspiracy and "some loss of anticipated revenue" through the testimony of Costco employees "with decades of experience in assessing LCD product prices and sales volumes at Costco." *See* Opp'n at 2 (citing deposition testimony of Costco employees). Once it has made such a showing, Costco maintains that "its burden of proof as to 'the amount of damage' is significantly lower." *Id.* at 3 (citing *Flintkote*, 246 F.2d at 392). To prove its "lost sales" damages amount, Costco indicates that it will use its damages expert, Dr. Bernheim, to confirm "that Defendants' conspiracy raised the prices to Costco," and then it "will rely on its management witnesses to estimate the impact these higher prices had on sales." *Id.* at 7. Costco emphasizes that these "estimate[s] [will

not be] based on speculation or guesswork, but on the relative simplicity of the Costco business model and long-observed relationships between prices and volumes." *Id*. at 8.

The Court agrees with defendants that Costco cannot meet its burden of proving the amount of its "lost sales" damages. As defendants point out, Costco has presented "no expert methodology, calculation, or other evidence of any lost sales damages." Motion at 3. While it is true that Costco need only "establish with reasonable probability the existence of some causal connection between defendants' wrongful act and some loss of anticipated revenue," it must also provide "relevant data" from which an estimate of the amount lost-sales damages can be based. *Flintkote*, 246 F.2d at 230. Defendants argue, and the Court agrees, that Costco has not "introduce[d] the data necessary to make this calculation." *Id*. None of Costco's witnesses "with decades of experience in assessing LCD product prices and sales volumes at Costco" is a damages expert. Nor are they suited to provide competent, non-speculative lay testimony on the esoteric subject of Costco's alleged "lost sales" damages in this relatively new product industry. *See* Fed. R. Evid. 701(c) ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."). And even if they could, Costco has provided no evidentiary or experimental basis to estimate either the volume of Costco's additional LCD Product sales in a "but for" world, or the profit margin on such sales. Costco's burden of proving the amount of its lost-sales damages may "be relaxed, but it is never eliminated." *See Flintkote*, 246 F.2d at 230.

Accordingly, the Court GRANTS defendants' motion for summary judgment on Costco's lost-sales claims. Master Docket No. 6080; Docket No. 171 in C 11-0058 SI.

**IT IS SO ORDERED.**

Dated: September 22, 2012

SUSAN ILLSTON
United States District Judge

3