Martin Quinn
JAMS
Two EmbarcaderoCenter, Suite 1500
San Francisco, CA94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION, | **MDL No. 1819**<br><br>**Master File No. 3:07-md--01827-SI**<br><br>Case No. 3:11-cv-00058 SI<br><br>**SPECIAL MASTER'S ORDER RE DEFENDANTS' MOTION TO COMPEL COSTCO TO PRODUCE SETTLEMENT AGREEMENT (hrg. 1/23/13)** |
| COSTCO WHOLESALE CORP.<br><br>              Plaintiff,<br><br>         v.<br><br>AU OPTRONICS CORP., ET AL.<br><br>              Defendants. | |

On January 23, 2013, I heard by telephone conference call Defendants'[1] motion [Dated 1/15/13; not filed to date on ECF] to compel Costco Wholesale Corporation ("Costco") to

---

[1] AUO, Chi Mei, Chunghwa, Epson, HannStar and LG Display

produce a copy of its settlement agreement with the Samsung entities. Counsel for all parties were present. Having considered all arguments and evidence submitted, I now make the following Order,

## Background Facts

On October 26, 2011, Defendants served their Second Set of Document Requests on Costco. Request No. 43 asked for production of:

> "All documents reflecting any settlement or resolution of any claims threatened or asserted against any party other than Defendants based on or related to the facts alleged in the Complaint, including but not limited to any entities identified as "Co-Conspirators" in Paragraph 46 of the Complaint.

On December 1, 2011 Costco responded that "no such documents exist," presumably because at that time Costco had not settled with anyone. On October 5, 2012, Costco stipulated to dismiss the Samsung entities. [Dkt. No. 6940] Defendants then wrote Costco, asking it to supplement its response to Request No. 43 in light of its settlement with Samsung. Costco refused because literally read the Request demand settlement agreements with "any party other than Defendants," and Samsung was, of course, a defendant. [See Exhibits D & F to this motion]

Defendants make two arguments in support of their motion. First, they note that Costco released Samsung entities other than those named in the Complaint. Therefore, the settlement agreement was with a party "other than Defendants." Costco responded that it never had any claims "threatened or asserted" against such other Samsung entities – they were released simply to provide Samsung with a comprehensive worldwide release. Second, defendants argue that once the settlement occurred, the Samsung entities were no longer "Defendants," and thus the Request called for production. Costco responds that these parties were named in the Complaint, and once a defendant always a defendant.

//
//

Analysis

The parties' briefs ignore the perfectly obvious explanation for the present situation. Request No. 43 was clumsily drafted (evidently by prior counsel for HannStar). Defendants plainly intended to request Costco's settlement agreements with any <u>other parties in this case</u>. The Samsung entities with which Costco settled were such parties. The whole point of demanding production of settlement agreements, and the Court's rationale for allowing it, was to disclose the amounts of each plaintiff's settlement with <u>other parties to the case</u> so that offsets to the plaintiff's claimed damages could be calculated. But by using the words "other than Defendants" HannStar and its co-defendants excluded the very settlement agreements they wanted.

With three prior court orders staring it in the face, Costco must have known what Defendants intended to request and knew it would have to produce its settlement agreement. Instead of creating a "gotcha" moment by seizing on the obviously erroneous wording of the Request, a more sensible response would have been to confer with HannStar and permit it to re-serve a properly worded Request. Costco now argues that the close of discovery as of December 11, 2011 [Dkt. No. 3051] bars Defendants from serving a new Request.

I am unwilling to allow Costco to escape producing its settlement agreement with Samsung – as other plaintiffs have been required to do – simply because lawyers made a scrivener's error in writing a document request. Nor does the close of discovery over a year ago leave the Court powerless to allow Defendants to cure their mistake. There is no prejudice to Costco in requiring production of its settlement agreement now, since it presumably acknowledges that it would be producible after a judgment. Therefore, I will permit Defendants to serve a new request to which Costco shall respond promptly.[2]

//

//

---

[2] This resolution is not inconsistent with my Order dated Sept. 29, 2012, Dkt No. 68632. There LG Display had failed to serve <u>any</u> request on various plaintiffs before close of discovery, and I declined to permit it to do so late. Here, HannStar did serve a request, but it was unintentionally defective. There is a persuasive equitable reason to permit HannStar to serve a new request, albeit after the close of discovery, whereas there was no justification for permitting LG Display to do so.

<u>Order</u>

Good cause appearing, it is ORDERED that Defendants' motion is granted to the extent that HannStar may serve a properly worded document Request to obtain Costco's settlement agreement with the Samsung entities within 10 days of this Order. Costco shall respond and produce responsive documents within 10 business days after service of the new Request.

Dated: February 13, 2013

_____
Martin Quinn, Special Master