THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION,<br><br>                     Plaintiff,<br><br>          v.<br><br>AU OPTRONICS et al.,<br><br>                     Defendants. | No. 13-cv-1207-RAJ<br><br>**MOTION FOR ENTRY OF JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>March 13, 2015 |

Plaintiff Costco Wholesale Corporation moves for entry of judgment following the jury's verdict in favor of Costco and against Defendants AU Optronics Corporation; AU Optronics Corporation America; LG Display Co., Ltd.; and LG Display America, Inc.

This action was tried by a jury, and on October 23, 2014, the jury rendered a verdict against all defendants. The jury found that Costco proved a price-fixing claim against Defendants under both federal and Washington law, that each alleged co-conspirator was a member of the price-fixing conspiracy, and that the amount of damages Costco sustained as a result of the conspiracy from the listed vendors totaled $36,573,680.

Post-verdict mediation between Costco and the AUO defendants was unsuccessful, and Costco accordingly requests that the Court enter judgment on the verdict.

CERTIFICATE OF SERVICE
(No. 13-cv-1207-RAJ)

29040-0244/LEGAL125114567.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

At this time, the Court need decide only whether Costco's overcharges on purchases from JVC are recoverable under the ownership/control exception to the direct-purchaser rule, based upon Panasonic's majority ownership interest in JVC throughout the conspiracy period. *See* Dkt. No. 299 at 2 (MDL Order) (holding that indirect purchasers have standing "if a conspirator owns or controls the direct purchaser, or the direct purchaser owns or controls a conspirator"). As the Court is aware, because the jury found that Samsung, Sharp, Toshiba, Philips, and Panasonic participated in the conspiracy, all other ownership/control issues relate to simple 100 percent parent-subsidiary relationships between those parent companies and their finished-product-selling subsidiaries. *See* Dkt. No. 570 at 10 (Costco Statement: "Costco may recover for its purchases from Samsung, Sharp, Toshiba, Panasonic, and Philips's finished product subsidiaries based on the parent companies' participation in the conspiracy. This theory requires no resolution of any complex control inquiries because it is without dispute that those vendors were and are wholly owned subsidiaries.").

The only Costco vendor that is differently situated is JVC, because Costco did not allege that JVC participated in the conspiracy. But the jury's finding that Panasonic participated in the conspiracy allows Costco to recover the overcharges for its purchases from JVC because Panasonic owned the majority interest in JVC during the conspiracy. *See* Dkt. No. 599 at 6 (parties stipulating that, among other things, "[f]rom January 1, 1998 through July 2007, Panasonic Corp. held between 52.4 percent and 52.67 percent of the shares in JVC."); Dkt. No. 558 at 7 (rejecting Defendants' proposed "date-of-suit rule"). Therefore, Costco is entitled to recover the $662,860 in overcharges the jury found that it paid for purchases from JVC, trebled under applicable antitrust laws.

In addition, the parties dispute the amount of any offset from prior settlements Costco reached with former parties.[1] But trebling occurs first, *Flintkote Co. v. Lysfjord*, 246 F.2d 368,

---

[1] Defendants contend that the offset must include the alleged value to Costco of the cooperation by Chunghwa and Samsung in making available at trial witnesses whom Costco

MOTION FOR ENTRY OF JUDGMENT  
(No. 13-cv-1207-RAJ) – 2

**Perkins Coie LLP**  
1201 Third Avenue, Suite 4900  
Seattle, WA 98101-3099  
Phone: 206.359.8000  
Fax: 206.359.9000

29040-0244/LEGAL125114567.3

397–98 (9th Cir. 1957), and it is Defendants' burden to prove offset, and they have not yet sought to do so, *see, e.g.*, *Force v. Dir., Office of Workers' Comp. Programs*, 938 F.2d 981, 985 (9th Cir. 1991) ("To ensure that the claimant receives his due, the employer must carry the burden of proving what is the claimant's portion of the group settlement. Until the employer makes this showing, it is not entitled to an offset."); *Madera W. Condo. Ass'n v. First Specialty Ins. Corp.*, No. C12-0857-JCC, 2013 WL 5492964, at *2 (W.D. Wash. Oct. 1, 2013) ("An insurer seeking an offset for payments made by another insurer in exchange for a general release bears the burden of proving a double recovery."). Because offset becomes relevant only at the judgment-enforcement stage, the Court may determine the offset in a later amended judgment that also addresses Costco's recovery of attorney fees and costs. Costco cannot enforce the judgment until the appellate process has been completed—a process that cannot start until the requested judgment is entered.

Accordingly, the Court should enter judgment for treble the amount of the jury's verdict ($109,721,040). If Defendants so choose, they may move to amend that judgment in the time allotted by the Federal Rules, setting forth their positions on offset and permitting Costco an opportunity to respond. But there is no reason for further delay in entry of judgment and beginning the appellate process.

---

could not subpoena. In Costco's view, cooperation was not "property" or consideration but a common term with no measurable value. Any effort at valuation would be speculative, particularly since the testimony in question was cumulative of considerable other evidence as to liability, including videotaped depositions of those witnesses. Costco also contends that the offset should be reduced by (a) the value of the releases of Costco's indirect-purchase claims included in all of the settlements (because the judgment here will be only for Costco's direct-purchase claims) and (b) Costco's reasonable expense in obtaining those settlements, to the extent such expenses are not to be included in the award of fees and costs because they contributed to the result at trial. *See* Dkt. No. 643 at 5.

MOTION FOR ENTRY OF JUDGMENT
(No. 13-cv-1207-RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

29040-0244/LEGAL125114567.3

| | |
|---|---|
| DATED:  February 26, 2015 | By: */s/ David J. Burman* <br> David J. Burman, WSBA No. 10611 <br> Cori G. Moore WSBA No. 28649 <br> Eric J. Weiss, WSBA No. 44807 <br> Nicholas H. Hesterberg WSBA No. 41970 <br> Steven D. Merriman WSBA No. 44035 <br> **Perkins Coie LLP** <br> 1201 Third Avenue, Suite 4900 <br> Seattle, WA  98101-3099 <br> Telephone:  206.359.8000 <br> Facsimile:  206.359.9000 <br> Email:  DBurman@perkinscoie.com <br>         CGMoore@perkinscoie.com <br>         EWeiss@perkinscoie.com <br>         NHesterberg@perkinscoie.com <br>         SMerriman@perkinscoie.com <br> <br> *Attorneys for Plaintiff* <br> *Costco Wholesale Corporation* |

MOTION FOR ENTRY OF JUDGMENT
(No. 13-cv-1207-RAJ) – 4

29040-0244/LEGAL125114567.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

I certify that on February 26, 2015, I had electronically filed the foregoing Motion for Entry of Judgment with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of February, 2014.

*/s/ Eric J. Weiss*
Eric J. Weiss, WSBA No. 44807
EWeiss@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiff*
*Costco Wholesale Corporation*

CERTIFICATE OF SERVICE
(No. 13-cv-1207-RAJ)

29040-0244/LEGAL125114567.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000